JOSHUA B. ALLEN *vs.* JOEL E. SMITH, administrator.

Knox.    Opinion August 3, 1888.

*Executor and administrator.    Sale of real estate.    Appeal.*

When a license has been granted to an administrator to sell lands conveyed by the deceased in his lifetime, for the payment of debts, on the ground that such land had been fraudulently conveyed, the party holding such conveyance has the right of appeal.

ON exceptions.

Petition for leave to enter and prosecute an appeal from the decree of the judge of probate, granting a license to the administrator on the estate of William Beckett, 2nd, to sell lands for the payment of the debts of the estate, which the deceased in his lifetime conveyed to the petitioner.    The presiding justice ruled, as a matter of law, that the petitioner had no appeal. The exceptions were to this ruling.

*C. E. Littlefield*, for the petitioner, cited : R. S., c. 63, § § 23, 25 ; c. 71, § 1 ; *Smith* v. *Dutton*, 16 Maine, 308 ; *Bates* v. *Sargent*, 51 Maine, 425 ; *Deering* v. *Adams*, 34 Maine, 44 : *Smith* v. *Bradstreet*, 16 Pick. 264 ; *Veazie Bank* v. *Young*, 53 Maine, 560 ; *Wiggin* v. *Swett*, 6 Met. 197 ; *Paine* v. *Goodwin*, 56 Maine, 413 ; Schouler's Ex. and Admr. § 151 ; *Briggs* v. *Johnson*, 71 Maine, 237 ; *Gerry* v. *Stimson*, 60 Maine, 190.

*A. P. Gould*, for respondent.

By R. S., c. 71, § 19, it is provided that all licenses to sell real estate shall be for the period of one year only.    The provision of the statute is that " if justice requires a revision " of a probate decree, the court may in the exercise of its discretion, grant the right to enter an appeal.    R. S., c. 63, § 25.

The voluntary conveyance of Beckett to petitioner was void as to prior creditors, and by his deed he took, at most, only whatever should be left of the real estate conveyed to him after the payment of all debts ; and his interest is not unlike that of a residuary legatee who has no right of appeal from a decree

allowing the executor's account, however injurious to his ultimate interests that decree may be. *Downing* v. *Porter*, 9 Mass. 386.

" A party aggrieved is one whose pecuniary interest is directly affected by the decree; one whose right of property may be established or divested by the decree." *Wiggin* v. *Swett*, 6 Met. 194, per SHAW, C. J. 197.

These decisions are recited approvingly in *Veazie Bank* v. *Young*, 53 Maine, 554, 560, where the court say, " It is not a mere remote and contingent interest, or a wish dictated by whim or policy, without any pecuniary interest to be directly affected by the decree, that will suffice."

In *Snow* v. *Picquet*, 3 Pick. 443, it was held that a debtor of an estate had no such interest in it as authorized him to oppose the appointment of an administrator. See also *Deering* v. *Adams*, 34 Maine, 41.

DANFORTH, J.   By R. S., c. 71, § 23, " lands of which the deceased died seized,   .   .   .   and all that he had fraudulently conveyed,   .   .   are liable to sale for the payment of debts, under any license granted under this chapter." In this case the intestate, ten days before his death, conveyed to the petitioner certain lands under such circumstances that it is conceded that the conveyance is. fraudulent as against prior creditors. The administrator has asked and obtained a license to sell these same lands for the payment of debts. The petitioner, for reasons stated, having failed to enter his appeal in season, asks for leave to do so now, and the only question presented at this time is whether he has such an interest as will allow him to appeal from the decree of the judge of probate.

Any person who has such an interest in the subject matter that he may be and is aggrieved by any decision of the judge of probate, with some exceptions not material here, may appeal therefrom. This petitioner is the absolute owner of the land, which in this case is the matter acted upon and directly affected, subject only to the contingency that it may be wanted for the payment of prior debts. The sale, if carried into effect, would divest him of that land. He has, therefore, the same interest

that an heir or devisee would have in cases where the deceased died seized. The same right and interest to be heard as to the prior debts, as to the propriety or necessity of the sale, and to give bonds for the payment of the debts if he deemed it expedient to do so, as the heir would have. He must therefore be deemed to have sufficient interest to authorize him to enter an appeal, but whether he shall have leave to do so must be decided upon a hearing at *nisi prius.*

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.